IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| James Albert Yocum, Jr., | ) | Case No.: 12-00008-BGC-7 |
| | ) | |
| Debtor. | ) | |
| | | |
| Iberiabank, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | A. P. No.: 12-00082 |
| | ) | |
| James A. Yocum, Jr., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

The matters before the Court are:

1. The Complaint Objecting to Discharge and to Dischargeability of Debt filed on May 29, 2012, by the plaintiff. (Docket No. 1);[1]

2. The Defendant's Motion to Dismiss filed on November 26, 2012. (Docket No. 19); and

3. Iberiabank's Motion for Summary Judgment filed on October 10, 2012. Docket No. 12.

After notice, a hearing was held on November 28, 2012. Appearing were the defendant-debtor, and Brad Hightower for Daniel Sparks, the attorney for Iberiabank. The matters were submitted based on the arguments of counsel and the pleadings.

**I. Background**

The debtor has filed four cases. Those are:

---

[1] Because the Court has found that the debtor's discharge should be denied, it has not considered whether there are any debts that are nondischargeable.

### 1. Bankruptcy Case No. 09-06595-BGC-13

The debtor filed Case No. 09-06595-BGC-13 on November 9, 2009. He filed the petition pro se. The case was dismissed on January 13, 2010, on the Trustee's motion for failure to make plan payments.

### 2. Bankruptcy Case No. 10-04282-BGC-13

The debtor filed Case No. 10-04282-BGC-13 on July 15, 2010. He filed the petition pro se. The case was dismissed on September 1, 2010, for the debtor's failure to file proper schedules.

### 3. Bankruptcy Case No. 11-01997-BGC-13

The debtor filed Case No. 11-01997-BGC-13 on April 8, 2011. He filed the petition pro se. The case was dismissed on May 4, 2011, for the debtor's failure to file proper schedules.

### 4. Bankruptcy Case No. 12-00008-BGC-7
### (The Current Case)

The debtor filed the current case as a Chapter 13 bankruptcy case on January 3, 2012. Docket No. 1. He filed the petition pro se. On March 29, 2012, the debtor filed a Motion to Convert Chapter 13 to Chapter 7. Docket No. 51. The case was converted to one under Chapter 7 on March 29, 2012. Docket No. 52. On May 1, 2012, Thomas Reynolds, the Trustee, filed his Chapter 7 Trustee's Report of No Distribution.

On May 29, 2012, Iberiabank filed the pending complaint against the debtor, and on October 10, 2012, filed the pending motion for summary judgment.

## II. Findings of Fact and Conclusions of Law

### A. The Debtor's Motion to Dismiss

Whether the debtor's voluntary motion to dismiss should be granted is governed by section 707 of the Bankruptcy Code. That section includes:

(a)  The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including--

   (1)  unreasonable delay by the debtor that is prejudicial to creditors;

> (2) nonpayment of any fees or charges required under chapter 123 of title 28; and
>
> (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a), but only on a motion by the United States trustee.

11 U.S.C. § 707.

The court in In re Mercer, Case No. 09-71621, 2010 WL 5209254 (Bankr. M.D. Ga. Dec 16, 2010) explains how this subsection should be applied. It wrote:

> The Debtors seek to dismiss their case under 11 U.S.C. § 707(a). Although § 707(a) does not explicitly refer to voluntary dismissals, bankruptcy courts routinely apply § 707(a) to a debtor's motion to voluntarily dismiss. E.g., In re Turpen, 244 B.R. 431, 434 (B.A.P. 8th Cir.2000) (citing In re Williams, 15 B.R. 655, 658 (E.D.Mo.1981); In re Watkins, 229 B.R. 907, 909 (Bankr.N.D.Ill.1999); In re Eichelberger, 225 B.R. 437, 439 (Bankr.E.D.Mo.1998)). A debtor has no absolute right to a voluntary dismissal of a Chapter 7 case. Id. "Rather, a debtor seeking dismissal must show 'cause.' " In re Smith, 507 F.3d 64, 72 (2d Cir.2007) (quoting 11 U.S.C. § 707(a)). The Bankruptcy code does not define "cause," and the three examples listed in § 707(a) are not exclusive but rather illustrative. Id. (citing In re Padilla, 222 F.3d 1184, 1191 (9th Cir.2000); In re Simmons, 200 F.3d 738, 743 (11th Cir.2000)). Consequently, courts must view the facts case-by-case to determine whether sufficient cause exists for dismissal. In re Dinova, 212 B.R. 437, 442 (B.A.P.2d Cir.1997) (citing In re MacFarlane Webster Associates, 121 B.R. 694, 697 (Bankr.S.D.N.Y.1990)). The burden for demonstrating cause is on the debtor, In re Simmons, 200 F.3d 738, 743 (11th Cir.2000), and determination of cause is within the sound discretion of the bankruptcy court, e.g., In re Jabarin, 395 B.R. 330, 337 (Bankr.E.D.Pa. 2008). If the debtor shows cause, the court nevertheless "should deny the motion if there is any showing of prejudice to creditors." In re Turpen, 244 B.R. at 434 (citing In re Haney, 241 B.R. 430, 432, (Bankr.E.D. Ark 1999); In re Watkins, 229 B.R. at 909; In re Eichelberger, 225 B.R. at 439; In re Harker, 181 B.R. 326, 328 (Bankr.E.D.Tenn.1995)).
>
> The court in In re Turpen outlined the factors courts generally consider when ruling on a voluntary motion to dismiss and whether prejudice exists:

> (1) whether all of the creditors have consented; (2) whether the debtor is acting in good faith; (3) whether dismissal would result in a prejudicial delay in payment; (4) whether dismissal would result in a reordering of priorities; (5) whether there is another proceeding through which the payment of claims can be handled; and (6) whether an objection to discharge, an objection to exemptions, or a preference claim is pending.

244 B.R. at 434 (citing Watkins, 229 B.R. at 909; In re Eichelberger, 225 B.R. at 439; In re Harker, 181 B.R. at 328; In re Klein, 39 B.R. 530, 532 (Bankr.E.D.N.Y.1984); In re Pagnotta, 22 B.R. 521, 522 (Bankr.D.Md. 1982)). The test is essentially two-pronged: the Debtor must show cause, and if the Debtor shows cause, the Court can nevertheless deny the motion for dismissal if the above factors demonstrate prejudice to creditors. In the present case, the Debtors have failed to show sufficient cause, and even if they had, the factors in the second prong weigh heavily against the Debtors.

Id. at *2-*3.

This Court agrees with the above tests and has applied them here. And based on the facts, finds that the Debtor has not shown "cause" why this case should be dismissed. Similarly, the Court finds that the Debtor did not satisfy the other factors suggested as benchmarks for determining whether a Chapter 7 case should be dismissed on a debtor's motion, and like Mercer, those factors weigh against the debtor. Therefore, the Court finds that the Debtor's Motion to Dismiss should be denied.

### B. Iberiabank's Motion for Summary Judgment

#### 1. Summary Judgment Standard

##### a. Core Standard

Under Rule 56(c) of the Federal Rules of Civil Procedure, applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure, a moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The core standard in this Circuit for determining whether there is a genuine issue of material fact which would preclude summary judgment is outlined in the decision of the Court of Appeals for the Eleventh Circuit Court in Fitzpatrick v. City of Atlanta, 2 F.3d 1112 (11th Cir.1993). This Court has followed that standard in this proceeding.

4

In addition, this Court has considered the recent explanation in Kernel Records Oy v. Mosley, 694 F.3d 1294, 1300 (11th Cir.2012). It includes:

> "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A genuine factual dispute exists only if a reasonable fact-finder "could find by a preponderance of the evidence that the plaintiff is entitled to a verdict." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Once the movant adequately supports its motion, the burden shifts to the nonmoving party to show that specific facts exist that raise a genuine issue for trial." Dietz v. Smithkline Beecham Corp., 598 F.3d 812, 815 (11th Cir.2010). However, when the moving party fails to demonstrate the absence of a genuine issue of material fact, the motion should be denied. Adickes v. S.H. Kress & Co., 398 U.S. 144, 160, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Clark v. Coats & Clark, Inc., 929 F.2d 604, 606–08 (11th Cir.1991).
>
> "Although all justifiable inferences are to be drawn in favor of the nonmoving party," Baldwin County v. Purcell Corp., 971 F.2d 1558, 1563–64 (11th Cir.1992) (quotation omitted), "inferences based upon speculation are not reasonable," Marshall v. City of Cape Coral, 797 F.2d 1555, 1559 (11th Cir.1986). Evidence that is "merely colorable, or is not significantly probative" of a disputed fact cannot satisfy a party's burden, see Anderson, 477 U.S. at 249–50, 106 S.Ct. 2505 (citation omitted), and a mere scintilla of evidence is likewise insufficient, see Young v. City of Palm Bay, 358 F.3d 859, 860 (11th Cir.2004).

Id. at 1300-01.

### b. Burden to Respond

The court in Wallace v. Smith, 297 Fed.Appx. 915 (11th Cir. 2008) explained what is required with shifting burdens. It wrote:

> For summary judgment, the moving party must first "identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir.1993) (quotations and alterations omitted). For an issue on which the non-moving party bears the burden of proof, the moving party need only show "that there is an absence of evidence to support the non-moving party's case." Id. at 1115-16 (quotation omitted). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the

5

non-moving party to come forward with specific facts showing that there is a genuine issue for trial. Id. at 1116; Fed.R.Civ.P. 56(e). "[M]ere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." Ellis v. England, 432 F.3d 1321, 1326 (11th Cir.2005). Federal Rule of Civil Procedure 56 "mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

916-17.

Even with those burdens, this Court recognizes that, "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. U.S., 148 F.3d 1262, 1263 (11th Cir. 1998).[2]

## 2. Applicable Law

The bank contends that the debtor's discharge should be denied under three different subsections of section 727 of the Bankruptcy Code. Those are: section 727(a)(4)(D), section 727(a)(3), and section 727(a)(5). Each is discussed below.

The bank recited detailed facts to support its motion. Some of those are discussed below. In contrast, the Debtor did not respond to the motion for summary judgment, but instead, filed the pending motion to dismiss.

---

[2] But see, Shuler v. Ingram & Associates, 441 Fed.Appx. 712 (11th Cir. 2011):

We recognize that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir.2006) (quotation omitted). However, the leniency afforded pro se litigants does not give courts license to serve as de facto counsel or to rewrite an otherwise deficient pleading in order to sustain an action. GJR Inv., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir.1998), overruled on other grounds as recognized in, Randall v. Scott, 610 F.3d 701, 709 (11th Cir.2010).

Id. at 717 n.3.

6

### 3. Application of the Law to the Facts

#### a. Section 727(a)(4)(D)

A discharge may be denied under section 727(a)(4)(D) if, "the debtor knowingly and fraudulently, in or in connection with the case – withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs." 11 U.S.C. § 727(a)(4)(D).

As discussed below, the Court finds that the facts do not support a denial of discharge under this subsection. The Court in In re Matus, 303 B.R. 660 (Bankr. N.D. Ga. 2004) explains:

> The Plaintiff also seeks a denial of the Debtor's discharge pursuant to § 727(a)(4)(D), which provides for the denial of a debtor's discharge if he "withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs." 11 U.S.C. § 727(a)(4)(D). **The recorded information must be withheld from an officer of the estate, typically the trustee, entitled to possession of it pursuant to the Bankruptcy Code.** The Plaintiff's section 727(a)(4)(D) objection is essentially based on the same evidence as its section 727(a)(4)(A) objection. While the Plaintiff has proved that the Debtor failed to disclose information related to his property or financial affairs with the intent to hinder the investigation of the trustee and creditors, **it has failed to present evidence of specific document requests made by the Trustee**. "If the documents were never requested, and absent any allegations of active concealment of such documents, there cannot be a claim of knowing and fraudulent withholding." Jeffrey M. Goldberg & Assoc. v. Holstein (In re Holstein), 272 B.R. 463, 479 (Bankr.N.D.Ill.2001). See M & I Heat Transfer Prods. v. Gorchev (In re Gorchev), 275 B.R. 154, 164 (Bankr.D.Mass.2002) (where the plaintiff failed to prove that the debtor withheld recorded information when "the Plaintiff [did] not specify which records were requested and when, nor [did] he specify what precisely was withheld"). Although the Debtor may have deliberately withheld or delayed the production of records in the hope that the Trustee would abandon her investigation, the Plaintiff has failed to meet its burden with respect to its under section 727(a)(4)(D) count.

Id. at 680-81 (emphasis added) (footnote omitted).

There is no evidence before the Court that the information which the movant contends was withheld was ever requested by the trustee. And based on that fact, the Court finds that the Debtor's discharge may not be denied based on this count.

### b. Section 727(a)(3)

A discharge may be denied under section 727(a)(3) if:

> the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

11 U.S.C. § 727(a)(3).

The court in Community Credit Union v. Hammontree), A.P. No. 09-42677, 2011 WL 2357220 (Bankr. N.D. Ala. Mar 11, 2011), explained:

> "The purpose of § 727(a)(3) is to make certain that the creditors and the trustee are given sufficient information to understand the debtor's financial condition." Meininger v. Khanani (In re Khanani), 374 B.R. 878, 886 (Bankr.M.D.Fla.2005) (citing 6 Collier on Bankruptcy ¶ 727.03[3][a], at 727–31(15th ed. rev.2004)). If the debtor cannot produce sufficient information he carries the burden of persuasion to explain why he has failed to keep adequate records, and his explanation must "convince the Court of good faith and businesslike conduct." Khanani, 374 B.R. at 887.

Id. at *1.[3]

Similarly, in In re Berris, 458 B.R. 601 (Bankr. S.D. Fla. 2011) the court wrote:

> The purpose of section 727(a)(3) is to insure that dependable information is supplied to the trustee and to creditors on which they can rely in tracing the debtor's financial history and determining what property has passed through the debtor's hands in the period prior to his bankruptcy. In re Devine, 11 B.R. 487 (Bankr.D.Ma.1981). The trustee and creditors are entitled to rely on more specific financial data than the debtor's self-serving memory from which they can evaluate the debtor's financial

---

[3] The court in In re Miles, 481 B.R. 838, 844 (Bankr. N.D. Ga. 2012) writes, "Because objections to discharge under § 727(a)(3) normally require a fact intensive examination of the adequacy of Debtor's records, they are not usually decided on summary judgment. In re Liu, 288 B.R. 155, 162 (Bankr.N.D.Ga.2002) (J. Bihary)."

8

condition and verify the debtor's statements. Id. Section 727(a)(3) protects the creditors' interests by placing responsibility on the debtor to take such steps as ordinary fair dealing and common caution dictates to enable the creditor to determine what the debtor did with his estate. In re LaBonte, 13 B.R. 887 (Bankr.D.Ks.1981). The records need not be so complete that they state in detail all or substantially all relevant transactions. It is enough that they sufficiently identify the transactions so that intelligent inquiry may be made of them. Id.

Id. at 607-08.

The plaintiff's burden of proof on the merits, in addition to its burdens in regard to its motion for summary judgment, is explained in In re Seligman, 478 B.R. 497 (Bankr. N.D.Ga. 2012. That is:

To establish a prima facie action under § 727(a)(3), a plaintiff must show by a preponderance of the evidence that: (1) the debtor failed to keep or preserve adequate records, and; (2) that such failure makes it impossible to ascertain the debtor's financial condition. Moore, 375 B.R. at 702 (Bankr.S.D.Fla.2007). Once plaintiff has demonstrated that the books and records are inadequate the burden shifts to the debtor to explain why the records were not kept. Phillips v. Nipper (In re Nipper), 186 B.R. 284, 289 (Bankr.M.D.Fla.1995). Section 727(a)(3) has been consistently read to impose an affirmative obligation on defendants to keep records appropriate to their circumstances. Hughes v. Lieberman (In re Hughes), 873 F.2d 262 (11th Cir.1989). The debtor's intent is not relevant. Calisoff v. Calisoff (In re Calisoff), 92 B.R. 346, 356 (Bankr.N.D.Ill.1988).

The bank included portions of the Debtor's testimony in support of its motion for summary judgment. Those included the following:

Q. Do you have a debit card?

A. Not to my knowledge. To the best of my knowledge, I really don't want to answer the question.

Q. Okay. So you're refusing to answer my question?

A. Yes.

Q. All right. Do you have a bank account?

A. I'm not answering that question either, sir.

9

Q. So you refuse to answer my questions as to whether or not you have a bank account?

A. Yes.

Q. Have you had a bank account in the last five years?

A. I'm refusing to answer that.

Q. Have you ever had any joint accounts with any other person?

A. I'm refusing to answer that.

Q. Does Jay International, Inc. have a bank account?

A. I'm refusing to answer that question.

Q. Are you a cosigner on a Jay International, Inc. bank account?

A. I'm not going to answer that question, sir.

Q. Have you written any checks or conducted any business for Jay International in the last twelve months?

A. I'm not going to answer that question.

Transcript of Debtor's Rule 2004 Testimony, March 15, 2012, Exhibit B to Iberiabank's Motion for Summary Judgment at page 31, line 15 through page 33, line 2, Document No. 12-2.

Q. What bank accounts have you had signature authority on in the last 24 months anywhere in the world?

A. I don't know.

Q. You don't know. Do you have one now?

A. I don't know.

Q. You don't know if you have a bank account? That's your testimony?

A. Yes, sir.

Q. And you expect that to be credible testimony?

A. (Witness nods head.)

Q. Are you familiar with the penalties for perjury in the state of Alabama and in federal bankruptcy court?

A. I have no -- I don't want to answer the question. I told you that before.

Q. Okay. You're refusing to answer my questions about your bank accounts; is that correct?

A. Correct.

Q. Have you closed any bank accounts in the last two years?

A. I don't know.

Q. You don't know. You refuse to answer my question?

A. Don't know.

Q. Well, when you say you don't know, is that a refusal to answer my question or not?

A. I don't know.

Transcript of Debtor's Rule 2004 Testimony, March 15, 2012, Exhibit B to Iberiabank's Motion for Summary Judgment at page 56, line 12 through page 57, line 21, Document No. 12-2.

Q. As the sole owner and officer of Jay International, what was its gross income for the calendar year 2011, gross receipts?

A. I don't know, sir.

Q. Where would be the evidence of that?

A. There's not any, I don't guess.

Q. Okay. What did you do with this check stub after you got it from – on Exhibit 3, after you got it from Harvest Select? Did you put it in a file somewhere?

A. I don't know.

Q. So you don't keep books and records?

11

> A. I don't know --
>
> Q. This is January 2012.
>
> A. I don't know where it is.
>
> Q. Well, what would be the possible places it could be?
>
> A. Garbage.
>
> Q. Okay. Besides that?
>
> A. I don't know.

Transcript of Debtor's Rule 2004 Testimony, March 15, 2012, Exhibit B to <u>Iberiabank's Motion for Summary Judgment</u> at page 83, line 19 through page 84, line 19, Document No. 12-2.

> Q. Okay. Did you receive this check?
>
> A. I don't -- I may have. I don't have my books and records with me.
>
> Q. Okay. Now, you just told us there aren't any books and records. So what books are and records are you talking about?
>
> A. I don't have anything with me, sir.
>
> Q. Okay. Where are they?
>
> A. So I can't answer that.
>
> Q. Where are your books and records that you just told us you now said you have?
>
> A. I didn't say I didn't have them.
>
> Q. You said, "I don't have my books and records with me."
>
> A. I don't have anything with me to answer that question.

Transcript of Debtor's Rule 2004 Testimony, March 15, 2012, Exhibit B to <u>Iberiabank's Motion for Summary Judgment</u> at page 35, line 7 through page 36, line 3, Document No. 12-2.

Q. Okay. And you've paid those utilities in the last thirty days yourself; correct?

A. They've been paid, yes, sir.

Q. Who paid them?

A. They've been paid.

Q. By you?

A. They've been paid.

Q. Okay. And my question is, did you pay them? Out of your funds?

A. They got paid, sir.

Q. My question is, who sent the money in?

A. Don't want to answer that question.

Q. Were they paid in person, by mail, over the Internet, or some combination of the above?

A. Combination of the above.

Q. Okay. Who caused the physical event to occur in each instance? Who paid the power bill?

A. I don't want to answer that question.

Q. So you're refusing to answer my question?

A. Yes, sir.

Q. Was it paid with Jay International, Inc. funds?

A. I refuse to answer that.

Q. Was it paid with someone else's funds?

A. I refuse to answer the question, sir.

Q. Is it your testimony that it was not paid with your funds?

13

Case 12-00008-BGC7    Doc 64    Filed 03/20/13    Entered 03/20/13 14:31:39    Desc Main
Document      Page 13 of 15

> A. I'm not answering that question.
>
> Q. Yet, you've sworn under oath in this petition that you in fact have these monthly expenses; is that correct?
>
> A. Correct.
>
> Q. So if you don't have these monthly expenses and in fact someone is paying them for you, you could be a liar; is that correct?
>
> A. I'm not answering the question, sir.
>
> Q. Okay. What do you do for money? How do you get your money? How do you pay the bills?
>
> A. God's grace.

Transcript of Debtor's Rule 2004 Testimony, March 15, 2012, Exhibit B to <u>Iberiabank's Motion for Summary Judgment</u> at page 48, line 7 through page 50, line 11, Document No. 12-2.

As stated above,"The purpose of § 727(a)(3) is to make certain that the creditors and the trustee are given sufficient information to understand the debtor's financial condition." If a debtor does not supply that information, the discharge may be denied. Specifically, a discharge may be denied under section 727(a)(3) if:

> the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

11 U.S.C. § 727(a)(3).

When the debtor in this case refuses to produce the information from which his creditors might understand his financial condition, the Court cannot speculate whether there are records or whether there were records. In contrast, based on the debtor's own testimony, this Court can conclude without question that the debtor has <u>concealed</u> records, if there are any, from which his financial condition may be ascertained. Of course, if there were no records which the debtor could have concealed, the result is the same.

Based on the facts, the Court finds that the plaintiff established a prima facie action under section 727(a)(3). As such, the burden shifted to the debtor to explain why he did not keep records, or if he did, why he did not make those available to the

plaintiff. The debtor did not offer any evidence on which the Court can find that he met that burden.[4]

Consequently, the Court finds that the debtor's discharge is due to be denied.

### c. Section 727(a)(5)

Because the Court finds that the debtor's discharge should be denied under section 727(a)(3), it is not necessary to discuss this alternative ground.

### III. Conclusions

Based on the above, the Court concludes that the plaintiff proved, by a preponderance of the evidence, that the debtor's discharge in this case should be denied.

A separate order will be entered contemporaneously with this Memorandum Opinion.

Dated: March 20, 2013                    /s/Benjamin Cohen
                                         BENJAMIN COHEN
                                         United States Bankruptcy Judge

BC:pb

---

[4] At the hearing on November 298, 2012, the debtor represented that he answered many of the plaintiff's questions and provided detailed information off the record in an attempt to settle this matter. It may be that the parties can resolve their differences with that information; however, it is not evidence which this Court can consider.

15